**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDDIE SINKLER,** | : | **Civil No. 3:12-CV-455** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Kosik)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **UNITED STATES OF AMERICA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The Plaintiff is one of six federal prisoners housed in the United States Penitentiary, Canaan, who initially brought this action pursuant to the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2401, *et seq*. and 28 U.S.C. § 2675, *et seq*. The Plaintiffs' initial *pro se* complaint recited that, on June 25, 2011, the prison served inmates chicken fajitas. (Doc. 1, ¶8) According to the Plaintiffs, the chicken was bad, and was tainted with salmonella bacteria. (Id., ¶8.) Consequently, the Plaintiffs contracted food poisoning, and suffered "excruciating pain and symptoms which included . . . headaches, diarrhea, abdominal pains, nausea, chills, vomitting, inability to eat and profuse sweating." (Id., ¶9.) Alleging negligence on behalf of the prison in the preparation and service of this food, the Plaintiffs sought damages from the

Defendants.  While couched exclusively as an action under the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.,* the Plaintiffs' initial complaint named both the United States and five individuals as Defendants.  As part of our legally mandated screening process for *pro se, in forma pauperis* complaints we recommended that the Federal Tort Claim Act claims set forth against the individuals Defendants be dismissed.

An amended complaint was then filed which named only the United States as a Defendant in the FTCA action.  On April 23, 2012, we entered an order granting the Plaintiffs'  motions for leave to proceed *in forma pauperis*, and directing the Clerk of Court to serve Plaintiffs' amended complaint in accordance with F.R.C.P. 4.  While we granted these motions and directed service of the amended complaint, the Court noted that the Plaintiff, Freddie Sinkler, had not signed the amended complaint and ordered this particular Plaintiff to file a separately signed copy of the complaint with the Court within 30 days in order to confirm that he continued to wish to pursue this action.

Sinkler has not responded to this order and the docket reveals that five pieces of correspondence sent by the Court to Sinkler have been returned as undeliverable. (Docs. 18, 20, 47, 50, and 60)  Accordingly, the deadline for Sinkler to respond to our prior order has passed, and it appears that Sinkler has violated this Court's Order by both failing to respond to the order, and by failing to provide the Court with any means

of communicating with the Plaintiff.  In short, it is now apparent that Sinkler is no longer accepting communications at the last address which he had provided to the Court.  As a *pro se* litigant Sinkler's failure to maintain an address where he could be reached itself violated the rules of this Court; specifically, Local Rule 83.18, which provides that:

> Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party. Service of any notices, copies of pleadings, motions or papers in the action at the address currently maintained on file in the clerk's office by a party shall be deemed to be effective service upon such party.

Since the response deadline prescribed by this Court has now passed without any action on Sinkler's part to respond to this order, and we no longer have any means to communicate with Sinkler, it is recommended that Sinkler be dismissed from this action without prejudice.

## II.    Discussion

At the outset, Sinkler has violated this Court's order and the Local Rules of Court by failing to respond to Court directions, and by failing to maintain an address where he can be reached.  Sinkler's procedural defaults at the very outset of this litigation compel the Court to consider:

[A] basic truth:  we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. See Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion ...." McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir.1998).

Lease v. Fishel, 712 F. Supp. 2d 359, 371 (M.D.Pa. 2010).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system.  A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by those rules when the rules are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our system of justice:  'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion'." Id.  Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.  These basic tenets of fairness apply here.  In this case, the Plaintiff has failed to comply with this Court's orders, has violated Local Rule 83.18 by abandoning this litigation without providing the Court with a means to contact him.  These cumulative failures now compel us to to recommend dismissal of Sinkler from this action.

Beyond the requirements imposed by the Local Rules of this Court, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted). That discretion, however, while broad, is governed by certain factors, commonly referred to as Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." Lopez v. Cousins, No. 10-1877, 2011 WL 2489897, *3 (3d Cir. June 23, 2011)(quoting Briscoe v. Klem, 538 F.3d 252 (3d Cir. 2008)) Therefore, "[i]n

balancing the Poulis factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir.1992)." Briscoe v. Klaus,  538 F.3d at 263.  Consistent with this view, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' Mindek, 964 F.2d at 1373." Briscoe v. Klaus,  538 F.3d at 263.  However, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction.  See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506  (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action.  At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to the Plaintiff, who has failed to abide by Court orders, has neglected to litigate this case, and has provided no means for the Court to communicate with this party.

Similarly, the second <u>Poulis</u> factor– the prejudice to the adversary caused by the failure to abide by court orders–also calls for dismissal of this action.  Indeed, this factor–the prejudice suffered by the party seeking sanctions–is entitled to great weight and careful consideration.  As the United States Court of Appeals for the Third Circuit has observed:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." <u>Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 873-74 (3d Cir.1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." <u>Id</u>. at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. <u>Id.</u>; <u>see also Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 222 (3d Cir.2003); <u>Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.</u>, 843 F.2d 683, 693-94 (3d Cir.1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." <u>Ware</u>, 322 F.3d at 222. Oftentimes, this type of prejudice involves disputes between the parties on discovery matters because the defendants were deprived of necessary information or had to expend costs to obtain court orders for compliance. <u>See, e.g.</u>, <u>Poulis</u>, 747 F.2d at 868 (finding that the defendants were prejudiced where the plaintiffs did not answer interrogatories, the defendants had to file a motion to compel the plaintiffs' answers, and the defendant had "to file its pre-trial statement without the opportunity to review plaintiffs' pretrial statement which was due to be filed first"); <u>Ware,</u> 322 F.3d at 220-23 (affirming the District Court's conclusion that a defendant had been prejudiced where the plaintiff repeatedly ignored the defendant's discovery request for the plaintiff's computation of damages and did not provide it until one week prior to trial).

<u>Briscoe  v. Klaus</u>, 538 F.3d at 259-60.

In this case the Plaintiff's failure to litigate this claim or comply with Court orders now wholly frustrates and delays the resolution of this action as to Sinkler.   In such instances, dismissal of the case clearly rests in the discretion of the trial judge.  Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); Reshard v. Lankenau Hospital, 256 F. App'x 506  (3d Cir. 2007) (failure to comply with discovery compels dismissal); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor-the history of dilatoriness on the plaintiff's part–it becomes clear that dismissal of this action is now appropriate.  In this regard, while it is evident that "'[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.' Adams, 29 F.3d at 874; [it is also clear that] conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" Briscoe v. Klaus, 538 F.3d at 260-61 (some citations omitted).   Here, since filing his complaint, the Plaintiff has failed to timely file pleadings, provide the Court with any means of communicating with this party and has not complied with orders of the Court.  Thus, Sinkler's conduct displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of

dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874.

The fourth Poulis factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the plaintiff.  In this setting we must assess whether Sinkler's conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir.1994).  Here, when the Plaintiff has failed to comply with instructions of the Court directing him to take specific actions in this case, has provided us with no means to communicate with him, and has violated the Local Rules, the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions.

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders,  lesser sanctions may not be an effective alternative. See, e.g., Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008); Emerson, 296 F.3d at 191.  This case presents such a situation where the Plaintiff's status as a *pro se* litigant severely limits the ability of the Court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion.  In any event, by entering our prior orders,

and attempting to counsel the Plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail.  The Plaintiff still declines to obey Court orders, and otherwise ignores his responsibilities as a litigant.  Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under Poulis we are cautioned to consider one other factor, the meritoriousness of the Plaintiff's claims.  In our view, however, consideration of this factor cannot save this particular Plaintiff's claims, since Sinkler is now wholly non-compliant with his obligations as a litigant.  The Plaintiff cannot refuse to cooperate with this litigation, which  would address the merits of his claims, and then assert the untested merits of these claims as grounds for denying a motion to dismiss.  In any event, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' Mindek, 964 F.2d at 1373." Briscoe v. Klaus,  538 F.3d at 263.  Therefore, the untested merits of the non-compliant and non-responsive Plaintiff's claims, standing alone, cannot save Sinkler from the sanction of dismissal.  It does, however, suggest that any dismissal of this Plaintiff should be without prejudice, so that Sinkler may later have the ability to have the merits of his claims heard if he elects to comply with Court orders and properly litigate this case.

Having concluded that dismissal of this party-plaintiff is appropriate, we recognize that *pro se* plaintiffs often should be afforded an opportunity to fully pursue their claims before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, we cannot conduct an informed assessment of the merits of Sinkler's claims because Sinkler has failed to litigate those claims. Recognizing that the merits of these claims remain untested, we recommend that this Plaintiff be dismissed from this action, but without prejudice to Sinkler later endeavoring to bring a new action, provided that Sinkler complies in the future with the Local Rules and all Court orders.

### III.  **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff, Freddie Sinkler, be DISMISSED from this case without prejudice.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the

basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of May 2012.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge