UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
JUL 02 2014
PER
DEPUTY CLERK

| | | |
|---|---|---|
| FREDDIE SINKLER, | : | |
| Plaintiff/Movant, | : | Civil No. 3:12-CV-455 |
| v. | : | |
| UNITED STATES OF AMERICA, et al., | : | (Judge Kosik) |
| Defendants. | : | |

## MEMORANDUM

Before the court is a Motion to Reopen (Doc. 194)[1] a case which was closed as to the instant Plaintiff since June 13, 2012. For the reasons which follow, we will deny the Motion to Reopen.

## BACKGROUND

Movant, Freddie E. Sinkler, Jr., was one of seven inmates housed at the United States Penitentiary, Canaan, who filed an action on March 13, 2012 pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2401 et seq. and 28 U.S.C. § 2675 et seq. The action was based on the alleged negligence of the prison in serving chicken fajitas that contained salmonella bacteria. An amended complaint was filed on April 11, 2012 (Doc. 35). While listed in the caption, Movant Sinkler did not sign the amended complaint.[2] On April 23, 2012, Magistrate Judge Carlson issued an Order granting the requests for informa pauperis status, and directing service of the amended complaint. Two of the named plaintiffs, LeFever and Movant Sinkler, were directed to file separately signed copies of the complaint with the court within thirty

---

[1] While Movant makes his request to reopen in a letter format, we will construe his request as a Motion.

[2] Prior to the filing of the amended complaint, mail sent to Movant Sinkler was returned to the court (See, Docs. 18, 19, 20, and 33). Following the filing of the amended complaint, other correspondence addressed to Movant Sinkler was returned to the court (See, Docs. 47, 48, and 50). On April 20, 2012, the Clerk of Court's Office utilized the Federal Bureau of Prisons Inmate Locator. Movant Sinkler was listed as "Released" as of 2-29-2012 (Doc. 48).

(30) days in order to confirm that they wished to pursue the action (Doc. 49).³ Movant's copy of the Order was again returned to the court as undeliverable because Movant had been released (Doc. 50).

On May 24, 2012, the Magistrate Judge issued a Report and Recommendation that the case as to Movant Sinkler be dismissed without prejudice (Doc. 61). This correspondence was also returned to the court (Doc. 62). On June 13, 2012, we adopted the Report and Recommendation and Movant Sinkler was dismissed from the action (Doc. 67). On September 11, 2012, a letter was sent to the court by Janel Clark on behalf of and signed by Movant Sinkler (Doc. 100), asking the court to reopen his complaint and providing the court with a change of address in care of Janel Clark.⁴ No formal motion setting forth Movant's reasons for failure to timely notify the court of his change of address was filed.

The remaining plaintiffs settled their claims through mediation. Settlement Orders were entered on behalf of the remaining plaintiffs (Docs. 159, 164, and 181). The case was closed on July 16, 2013 (Doc. 181).

On October 21, 2013, Movant Sinkler filed a Motion for Reconsideration of the court's June 13, 2012 Order (Doc. 185). Specifically, Movant Sinkler asked the court "to reconsider and place me back onto the BOP Food Poisoning List. Also forward me the opportunity to accept a settlement in regards to the negligence of the BOP." On December 4, 2013, we granted Movant's Motion for Reconsideration (Doc. 187). We directed Movant to file a signed complaint with the Court within twenty (20) days from the date of the Order. A copy of the Order was sent to the address provided by Movant. Once again, Movant failed to comply with this Court's Order.

On June 10, 2014, this Court received a filing from Movant (Doc. 192), which stated, in part:

---

³ Plaintiff LeFever complied with Magistrate Judge Carlson's Order (Docs. 51 and 57).

⁴ In the Motion for Reconsideration filed on October 21, 2013 (Doc. 185), Movant Sinkler, referred to Janel Clark as his Power of Attorney and referred to her September 11, 2012 letter to the court.

> 5. THAT: recently plaintiff aggrieved citizen received from private company staff a record purported as a Magistrate Judge's dismissal without prejudice of plaintiff aggrieved citizen's petition complaint suing out redress to injury of poisoning him and did so without notice to plaintiff aggrieved citizen.
> 6. THAT: accordingly, as plaintiff aggrieved citizen has never received service of process nor notice of the dismissal of his suit until strangers recently presented him with the enclosed document, attached hereto as EXHIBIT A; your plaintiff aggrieved citizen prays this Honorable Court re-instate his action without prejudice.

Attached was a copy of this court's Order of June 13, 2012.

While Movant states that he "never received service of process nor notice of the dismissal of his suit", this assertion is in contradiction to the instant record. As we indicated earlier, on October 21, 2013, Movant filed a Motion for Reconsideration of the June 13, 2012 Order, which was granted. Movant failed to respond to the Order. In his Motion to Reopen filed on June 20, 2014, Movant states that his Power of Attorney, Janel Clark "has returned everything back to the courts immediately-signed and sealed with my signature." Thus, Movant was apparently aware of this Court's filings. He also makes representations that he has not received anything from the courts and that the court has never responded to him. However, contrary to Movant's assertions, this court has responded to Movant's requests to the court (Docs. 187 and 193). Moreover, Movant must have been aware of this court's responses, because he, in turn, has responded to these responses.

Based on the record before us, we will deny Movant's Motion to Reopen. We find that Movant's failure to timely apprise the court of his whereabouts, his failure to comply with this court's Orders and his lack of credibility regarding his communications with the court does not warrant granting his Motion to Reopen. An appropriate Order will follow.